UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 09-80798-CIV-COHN/SELTZER

TRACEY HAMPTON-STEIN,

        Plaintiff,

vs.

ERWIN I. KATZ, LTD., TRUSTEE OF THE
UNENCUMBERED ASSETS TRUST, an Ohio
Business Trust; ERWIN I. KATZ, an individual;
JONES DAY, a foreign partnership; MATTHEW
KAIRIS, an individual; JOHN DOES 1-10, individually;
JANE DOES 1-10, individually; and XYZ COMPANIES,

        Defendants.
_____/

## ORDER DENYING PLAINTIFF'S MOTION TO REMAND

**THIS CAUSE** is before the Court on Plaintiff's Motion to Remand [DE 5]. The Court has considered the Motion to Remand and the attached exhibits, Defendants' Response [DE 10] and the attached exhibits, Plaintiff's Reply [DE 16] and the attached exhibits, the argument of counsel on July 2, 2009, the supplemental authority in support of the Motion submitted by Plaintiff on July 3, 2009, the record in this case, and is otherwise advised in the premises.

### I. BACKGROUND

Plaintiff moves the Court to remand this action back to the Circuit Court in and for the Fifteenth Judicial Circuit in and for Palm Beach County. Defendants removed the case based on the parties' alleged complete diversity of citizenship. The Notice of Removal states that Plaintiff is a permanent resident and citizen of Florida; whereas (1) Katz, Ltd. is a limited liability company which is a citizen of Illinois for purposes of

diversity; (2) Erwin I. Katz is a permanent resident and citizen of Illinois (even though he recently acquired a second home in Florida); (3) Jones Day is a foreign partnership; and (4) Matthew Kairis is a resident of Ohio. (See Notice of Removal at 3.) Plaintiff's Complaint also includes unnamed Defendants, however, 28 U.S.C. § 1441(a) provides that "[f]or purposes of removal . . . the citizenship of defendants sued under fictitious names shall be disregarded."

The Motion to Remand attaches an affidavit from Plaintiff that discusses a meeting in late February 2009 at which Mr. Katz stated over the telephone that he had "moved" to Florida. The Motion also states that Plaintiff seeks to add two additional defendants, who are also residents of Florida. (See Motion at 2.) According to Plaintiff, once such defendants are added, the Court should remand to state court for lack of complete diversity, regardless of the citizenship of Mr. Katz.

In Response, Defendants argue that Mr. Katz's declaration attached to the Notice of Removal shows that Mr. Katz acquired a home in Florida but maintains his residency in Illinois. (See Response at 13.) Defendants also submit an affidavit from Ivan Reich, the third party Mr. Katz allegedly informed he had "moved to Florida." (Id.) Mr. Reich's affidavit challenges Plaintiff's recollection of the February 2009 meeting. Specifically, Mr. Reich states that "[i]t has never been my understanding, at any time, nor my understanding from our February 27 conversation, that Judge Katz had actually 'moved to Florida' . . . ." (Exhibit D to Response at ¶ 9.)

The majority of the Response focuses on Defendants' argument that "this case belongs in the United States Bankruptcy Court for the Southern District of Ohio ('Ohio Bankruptcy Court')," which is the court that confirmed the National Century Financial

2

Enterprises, Inc. ("NCFE") bankruptcy plan. (Response at 1.) This is because Plaintiff's Complaint is "an attempt to hold Defendants liable for their efforts in implementing a chapter 11 plan (the 'NCFE Plan') confirmed by the Ohio Bankruptcy Court." (Id.) "At bottom, Plaintiff's complaint is an attempt to hold Defendants liable for their efforts in implementing the NCFE Plan by attempting to collect a $3.5 million preference paid to Plaintiff's husband within 90 days preceding the petition date." (Id. at 5.) In addition, Defendants point out that Plaintiff alleges that each Defendant is an "alter ego" of NCFE itself. (Id. at 6) (citing Complaint ¶ 16.) According to Defendants, the "determination of this foundational issue underpinning most of the Complaint depends upon interpretation of the provisions of the NCFE Plan." (Id. at 6.) "Plaintiff's claims here arise out of the efforts of professionals, retained pursuant to the NCFE Plan, to liquidate assets for the benefit of NCFE creditors." (Id. at 7.) Further, Defendants argue that "any recovery [by Plaintiff] could also significantly reduce estate assets." (Id. at 10.)

  Defendants cite to "long-standing Supreme Court precedent," i.e., the Barton Doctrine, to assert that bankruptcy trustees and their professionals "cannot be sued in foreign jurisdictions without presenting the issues in the first instance before the originating bankruptcy court that confirmed the plan and authorized the trustees and professionals to implement that plan." (Id. at 2) (citing Barton v. Barbour, 104 U.S. 126 (1881); Carter v. Rodgers, 220 F.3d 1249, 1252 n.4 (11th Cir. 2000); In re DeLorean Motor Co., 991 F.2d 1236, 1241 (6th Cir. 1993); Beck v. Fort James Corp. (In re Crown Vantage, Inc.), 421 F.3d 963, 973 (9th Cir. Cal. 2005)).

3

On the same day that Defendants filed the Notice of Removal with this Court, Defendants also filed a Bankruptcy Notice of Removal with the United States Bankruptcy Court for the Southern District of Florida ("Florida Bankruptcy Court"). (Response at 3.) In addition, Defendants filed in the Florida Bankruptcy Court a Motion to Transfer Venue to the Ohio Bankruptcy Court. (Id.) At a June 16, 2009 hearing on the Motion to Transfer, Chief Bankruptcy Judge Hyman stated that his "inclination is to transfer the matter to Ohio." (Exhibit A to Response at 13.) However, in light of Plaintiff's pending Motion to Remand before this Court, Judge Hyman ultimately ordered the parties to brief all removal issues before this Court.

In reply, Plaintiff asserts that Defendants have spent 5 years committing the intentional torts complained of in the Complaint outside the course and scope of the NCFE Plan. (Reply at 1.) Plaintiff argues that the Complaint is predicated on the post-confirmation *ultra vires* acts of Defendants. (Id. at 7.) Plaintiff is not bound by the Orders of the Ohio Bankruptcy Court regarding the issues presented in the Complaint. The Defendants "have wrongfully taken the property of Plaintiff, denying her right to seek redress before the Court of her choosing given their failure to provide any notice of the NCFE Plan prior to its approval in 2004." (Id.)

## II. ANALYSIS

The Court finds that, in light of Mr. Katz's declaration attached to the Notice of Removal and Mr. Reich's affidavit submitted in response to the Motion to Remand, Plaintiff's affidavit is insufficient to destroy diversity jurisdiction. In addition, Plaintiff now seeks to add additional defendants in an attempt to eliminate this Court's subject matter jurisdiction over the claims. The Court notes that 28 U.S.C. § 1447(e) provides that "[i]f

4

after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court." Id. However, the Court need not rely on this provision due to the fact that bankruptcy jurisdiction provides a separate and independent basis for this Court's jurisdiction. "A proceeding is within the bankruptcy jurisdiction, defined by 28 U.S.C. § 1334(b), if it 'arises under' the Bankruptcy Code or 'arises in' or is 'related to' a case under the Code." Carter, 220 F.3d at 1253. "The usual articulation of the test for determining whether a civil proceeding is related to bankruptcy is whether the outcome of the proceeding could conceivably have an effect on the estate being administered in bankruptcy." Id. (citing Miller v. Kemira, Inc. (In re Lemco Gypsum, Inc.), 910 F.2d 784, 788 (11th Cir. 1990)). The Court finds this standard is met by this action. Accordingly, the Court must deny Plaintiff's Motion to Remand.

Further, in light of the Barton Doctrine, and pursuant to this Court's authority under 28 U.S.C. §§ 1404 and 1412, the Court will transfer this case to the United States Bankruptcy Court for the Southern District of Ohio. 28 U.S.C. § 1404(a) ("in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought"); 28 U.S.C. § 1412 ("district court may transfer a case or proceeding under title 11 to a district court for another district, in the interest of justice"). Although Plaintiff argues that her claims are based on Defendants' actions taken outside of the scope of their official duties relating to the NCFE Plan, the Ohio Bankruptcy Court is in the best position to evaluate this issue in the first instance.

5

## III. CONCLUSION

In light of the foregoing, it is hereby **ORDERED AND ADJUDGED** that Plaintiff's Motion to Remand [DE 5] is **DENIED**. In addition, the Court will order that this case be transferred to the United States Bankruptcy Court for the Southern District of Ohio. The transfer will be directed by separate order.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, on this 5th day of July, 2009.

JAMES I. COHN
United States District Judge

Copies provided to:

Counsel of record via CM/ECF